## 34525. WILEY v. WILEY.

BOWLES, Justice.

The parties, formerly husband and wife, were divorced by decree on September 8, 1977. A contract of settlement executed by the parties on August 5, 1977, was approved by the court and incorporated into and made a part of the final decree.

Items 2 and 3 of that agreement required the husband to pay to the wife $75 per month per child for the support of the parties' two minor children until they reached eighteen years of age, married or became self-supporting, and made him responsible for their medical expenses. Item 4 (a) provided alimony for the wife as follows: "4 (a) Husband agrees to pay to the wife the sum of One Hundred Fifty and No/100 ($150.00) Dollars per month, with first such payment to be made on or before the 15th day of September, 1977, and such payments shall continue to be made on the same day of each successive month thereafter until the wife dies. Except, however, said amount shall be reduced by one-half upon Pamela Annette Wiley attaining the age of 18 years, dying, marrying or changing her custody from the wife to the husband, whichever first occurs, and except further, however, that said alimony shall be reduced by one-half or entirely cease as the case may be upon Howard Allen Wiley attaining the age of 18 years, marrying or dying, whichever first occurs. It is the intention of the parties that the alimony for the wife shall cease if and when the child support ceases. It is further agreed that said alimony payments to the wife shall cease upon the death of the husband." (R-9-10)

Item 4 (b) required the husband to make available to the wife use of the family home "for as long as the wife remains unmarried or until she dies or until child support ceases..." Item 4 (c) required the husband to make payments on the wife's car until "the death of the husband or upon the death or marriage of the wife."

The appellee-wife remarried. The appellant-husband discontinued making alimony payments pursuant to paragraph 4 (a). Because of the husband's refusal to pay amounts allegedly due, the wife brought an

action for contempt, contending that the amounts due were in the nature of child support and did not terminate upon her remarriage.

The trial court refused to hold the husband in contempt, but held that the monthly payments provided in paragraph 4 (a) of the agreement did not terminate upon the remarriage of the appellee because the parties had provided otherwise in the decree, as allowed under the terms of Code Ann. § 30-209.

The husband appeals, contending that a decree must specifically state that the remarriage of the wife will not terminate her right to alimony, and the parties' failure to specifically provide that payments under 4 (a) were to continue in the event of the wife's remarriage showed their intent that such payments were not to survive the wife's remarriage.

Reading the agreement and decree in its entirety, we conclude that the husband's obligation under item 4 (a) will cease only "if and when child support ceases" or "upon the death of the husband." While the parties did not specifically provide that the payments were to survive the wife's remarriage, neither did it mention remarriage as a condition that would terminate the alimony as did items 4 (b) and 4 (c).

It appears from the agreement itself that the parties contemplated payments made under item 4 (a) would coincide with the period of time when the children were to be supported and would survive the wife's remarriage, even though the payments were in the nature of alimony to the wife. Under the facts of this case, we find the parties themselves provided otherwise to allow the payments to continue, and the provisions of Code Ann. § 30-209 which would automatically terminate the payments upon the wife's remarriage do not apply.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 2, 1979 — DECIDED MARCH 7, 1979.

*Reinhardt, Whitley, Simpson & Rogers, Ralph F. Simpson, Glenn Whitley,* for appellant.

*Walters, Davis, Ellis & Smith, Rick F. Ellis,* for appellee.