S90A0802. EDWARDS v. BENEFIELD.
(392 SE2d 1)

CLARKE, Chief Justice.

The parties were divorced in 1986. The judgment of the trial court incorporated a settlement agreement between the parties which provided, in pertinent part,

> [Former husband] shall pay alimony to the [former wife] in the amount of $200 per month for six years. Thereafter [former husband] will pay $100 alimony to the [former wife] permanently.

Former wife subsequently remarried and former husband brought this action for declaratory judgment to determine whether his obliga-

---

tion to pay alimony terminated with the remarriage under the provisions of OCGA § 19-6-5 (b). The trial court ruled that his obligation to pay alimony did not cease with former wife's remarriage. We granted former husband's application to appeal.

OCGA § 19-6-5 (b) provides,

> All obligations for permanent alimony, however created, the time for performance of which has not arrived, shall terminate upon remarriage of the party to whom the obligations are owed *unless otherwise provided.* (Emphasis supplied.)

The issue before us is whether the language in the agreement that former husband will pay alimony to former wife "permanently" falls within the exception to the statute that alimony will not terminate upon remarriage where "otherwise provided." ·

In *Daopoulos v. Daopoulos*, 257 Ga. 71, 73 (354 SE2d 828) (1987), we held that

> in order for a court to hold that an instrument "provides otherwise" than the general rule that remarriage terminates permanent alimony obligations within the meaning of OCGA § 19-6-5 (b) it must expressly refer to remarriage of the recipient and specify that event shall not terminate the permanent alimony obligations created thereby.

However, the rule of *Daopoulos* applies only to alimony obligations created after June 25, 1987, and therefore does not control this case.

The word "permanently" could be interpreted to mean "forever," so that former wife's remarriage would not terminate the alimony obligation. Or, in the context of other language in the agreement, it could be interpreted to mean that when former husband had paid $200 per month alimony for six years, "thereafter" his alimony obligation would be reduced to $100 per month. We hold that the word "permanently," as used in the settlement agreement, is ambiguous and is therefore insufficient to meet the exception to OCGA § 19-6-5 (b) that where "otherwise provided" an alimony obligation does not terminate upon remarriage. The trial court should have ruled that former husband's obligation to pay alimony terminated upon former wife's remarriage.

*Judgment reversed. All the Justices concur, except Smith, P. J., and Hunt, J., who dissent.*

HUNT, Justice, dissenting.

The ambiguity which is present in the alimony provision in this case would certainly cause that alimony to terminate upon the wife's remarriage if the rule in *Daopoulos v. Daopoulos*, 257 Ga. 71 (354

SE2d 828) (1987), is applied. My disagreement with the majority opinion is that while it recognizes that *Daopoulos* must be applied prospectively, it has, nevertheless, effectively applied it to this case.

The decree in this case was entered on August 8, 1986. Therefore, it is controlled by the rationale of *Wiley v. Wiley*, 243 Ga. 271 (253 SE2d 750) (1979). That rationale is that the trial court must construe the alimony obligation to determine whether the parties have "provided otherwise" under OCGA § 19-6-5 (b) to avoid termination of alimony on remarriage. If, indeed, the alimony obligation is ambiguous, it is the function of the trial court to resolve that ambiguity and determine the intent of the parties following the ordinary rules of construction. See OCGA § 13-2-1 et seq. Therefore, I would remand this case to the trial court for such determination.[1]

I am authorized to state that Presiding Justice Smith joins in this dissent.

DECIDED JUNE 7, 1990.

*Word & Flinn, Gerald P. Word,* for appellant.
*Brenda S. Weathington,* for appellee.

---

[1] As we see the record, the trial court did not resolve the ambiguity but simply held that "permanently" in its context in the contract, precluded abatement of alimony by remarriage.