S92A0428. FISHER v. FREDRICKSON.
(416 SE2d 512)

BELL, Justice.

The parties in this case were married in 1967, and were divorced in 1987. The judgment and decree of divorce incorporated a settlement agreement that in part provides that appellant would

> pay to [appellee] one-half . . . of his [military] retirement benefits for her support. Said support shall begin the first month that [appellant] is eligible to receive retirement and continue until [appellant] dies.

Appellee remarried in 1989, and in 1990 appellant filed suit for a declaration that appellee's remarriage terminated his duty to pay one-half of his military retirement benefits. Appellee answered and moved for judgment on the pleadings, which the trial court granted. We granted appellant's application for discretionary review, and, for the reasons we explain in the remainder of this opinion, we reverse and remand.

1. The first issue is whether the obligation in question is periodic alimony or equitable property division. We conclude that the obligation constitutes periodic alimony, since "the number . . . and the total amount of the payments are contingent on the length of [appellant's] life,[1] and therefore cannot be determined at present. [Cit.]" *Sapp v. Sapp,* 259 Ga. 238, 240 (4) (378 SE2d 674) (1989).

2. The remaining question is whether under OCGA § 19-6-5 (b)[2] the alimony obligation terminated upon appellee's remarriage.

The decree in this case was entered on [June 12, 1987].

---

[1] And possibly, as we discuss in Division 2, infra, also on the remarriage of appellee.
[2] OCGA § 19-6-5 (b) provides that
[a]ll obligations for permanent alimony, however created, the time for performance of which has not arrived, shall terminate upon remarriage of the party to whom the obligations are owed *unless otherwise provided.* [Emphasis supplied.]

Therefore, it is controlled by the rationale of *Wiley v. Wiley*, 243 Ga. 271 (253 SE2d 750) (1979). That rationale is that the trial court must construe the alimony obligation to determine whether the parties have "provided otherwise" under OCGA § 19-6-5 (b) to avoid termination of alimony on remarriage. If . . . the alimony obligation is ambiguous, it is the function of the trial court to resolve that ambiguity and determine the intent of the parties following the ordinary rules of construction. See OCGA § 13-2-1 et seq. [*Edwards v. Benefield*, 260 Ga. 238, 240 (392 SE2d 1) (1990) (dissent of Hunt, J.).][3]

The trial court concluded that the decree in the present case "otherwise provided" for appellant's obligation to survive the remarriage because the appellant's death (the terminating factor expressly stated by the decree) "is an unequivocal event in time which has no connection whatsoever to the post divorce marital status of the [appellee]." However, we find that the phrase in question — "shall . . . continue until [appellant] dies" — is at most an ambiguous provision that the alimony obligation would survive appellee's remarriage. The phrase can be read, as it was by the trial court, as mandating that the obligation would end *only* upon appellant's death, and would not be terminated by any other event. On the other hand, the phrase can also be read as being based on an implicit assumption that the obligation would end upon appellee's remarriage. The latter interpretation is buttressed by the absence in any part of the settlement agreement of any reference to appellee's remarriage.[4] Cf. *Wiley*, supra, 243 Ga. at 272.

Accordingly, we hold that the decree in this case is ambiguous concerning whether the decree "otherwise provided" that the alimony obligation at issue would survive appellee's remarriage, and that the trial court therefore erred in granting judgment on the pleadings to

---

[3] The present standard for determining whether a decree "otherwise provides" for alimony not to terminate upon remarriage is set out in *Daopoulos v. Daopoulos*, 257 Ga. 71, 73 (354 SE2d 828) (1987), wherein this Court announced a prospective rule that would apply to permanent alimony obligations created after June 25, 1987:

Hereafter in order for a court to hold that an instrument "provides otherwise" than the general rule that remarriage terminates permanent alimony obligations within the meaning of OCGA § 19-6-5 (b) it must expressly refer to remarriage of the recipient and specify that event shall not terminate the permanent alimony obligations created thereby. The language must be clear and unequivocal. The rule of *Wiley* [*v. Wiley*, 243 Ga. 271 (253 SE2d 750) (1979)], will no longer be followed.

However, the alimony obligation in the present case was created on June 12, 1987, and therefore is not governed by *Daopoulos*.

[4] The first page of the decree recites that the parties "shall have the right to remarry," but this language was not part of the settlement agreement.

appellee. We reverse the judgment, and remand to the trial court to resolve the ambiguity by applying "the ordinary rules of construction." *Edwards*, supra, 260 Ga. at 240 (dissent of Hunt, J.).

*Judgment reversed and remanded. All the Justices concur, except Hunt and Benham, JJ., who concur in the judgment only.*

DECIDED MAY 21, 1992.

*Ratcliffe & Smith, Thomas J. Ratcliffe, Jr.,* for appellant.
*Jones, Osteen, Jones & Arnold, Jeffery L. Arnold,* for appellee.