In re Larry A. MANNING, Debtor.

Larry A. MANNING, Plaintiff,

v.

Page A.M. WETTERBERG, Defendant.

Bankruptcy No. 92–10192–T.
Adv. P. No. 92–1224.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Nov. 6, 1992.

Richard A. Bartl, Alexandria, VA, for debtor.

Richard J. Stahl, Fairfax, VA, for defendant.

## MEMORANDUM OPINION

DOUGLAS O. TICE, JR., Bankruptcy Judge.

Trial on the debtor's complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(5) was held in Alexandria, Virginia, on October 29, 1992. At the conclusion of trial the court ruled from the bench that the items in controversy would be excepted from discharge as obligations of the debtor in the nature of alimony. This opinion supplements the court's bench ruling.

### Findings of Fact

The debtor and the defendant were previously married and had two children. They were divorced by a decree of the Circuit Court of Prince William County, Virginia, entered October 16, 1989. In connection with their divorce, the parties entered into two agreements which were incorporated in the divorce decree.

The first agreement, dated March 29, 1988, was entitled SEPARATION, CUSTODY, SUPPORT AND PROPERTY SETTLEMENT AGREEMENT. Section VII of this agreement, entitled DIVISION OF PROPERTY, contained the following paragraph:

F. It is agreed and understood that wife is to receive 50% of husband's disposable retirement pay and she will be responsible for Federal and State taxes on her portion of same. Additionally, husband agrees to take a reduced annuity in order to insure that wife will continue to receive husband's retirement pay in the event that he predeceases her. It is fur-

ther agreed and understood that on the first day of the month following husband's retirement from the U.S. Army, wife will receive 50% of his disposable retirement pay as previously stated as well as an additional sum which will when added to the 50% of his retirement pay be equal to $2,500 and will continue until wife reaches age 65 at which time the additional sum will terminate.

This provision is also set out in full in the parties' divorce decree. In a schedule attached to the agreement, which listed joint debts of the parties for which debtor assumes responsibility, there is a listing of the $2,500.00 mentioned in paragraph VII F, which is labeled as "alimony."

The divorce decree contains the following provisions:

ADJUDGED, ORDERED and DECREED that pursuant to Paragraph VII (F) to the aforementioned Separation, Custody, Support and Property Settlement Agreement, the Defendant is hereby Ordered to name and maintain the Complainant as sole beneficiary of the survivor benefits from his U.S. Army retirement plan; and it is further

ADJUDGED, ORDERED and DECREED that at such time as the Complainant attains the age of sixty-five (65) years, the Defendant shall execute a voluntary allotment, directing that fifty percent (50%) of his disposable retirement pay be paid directly to the Complainant;
. . .

Debtor has retired from the U.S. Army and receives a military pension payment each month. In accordance with their agreement, debtor has been remitting to defendant one-half of the monthly military retirement pay. Additionally, he has paid a portion of the $2,500.00 obligation mentioned in paragraph VII F.

In their income tax returns for years since their divorce, debtor has claimed a deduction for payments to defendant made by him pursuant to paragraph VII F of the agreement, and the defendant has included these sums in her taxable income.

On August 16, 1989, the parties entered into an addendum to the agreement of March 29, 1988, which contained the following paragraph:

IV. A. The Husband shall pay to the Wife the sum of $250.00 per month per child for the support of the parties' minor children. This support is to be paid on the first day of each month, commencing April 1, 1988. As each child reaches the age of eighteen (18) and has completed high school, dies, is otherwise emancipated, or is no longer living with the Wife, the said child support for that child shall automatically convert to spousal support and shall be paid directly to the Wife on the first day of each month thereafter without any lapse in payment by the Husband. However, if the minor child has not yet completed his senior year of high school at the time of his eighteenth (18th) birthday, the support shall remain as child support until the child's high school graduation, at which time it shall automatically convert to spousal support as described above. Said spousal support shall terminate upon the death of either party or Wife attaining the age of sixty-five (65), whichever first occurs.

At the time of trial, one of the parties' children had reached the age of 18.

Since the parties' divorce, defendant has remarried.

### Discussion and Conclusions of Law

■ 11 U.S.C. § 523(a)(5) excepts from discharge debts to a spouse in connection with a divorce decree if the debts are actually in the nature of alimony, maintenance, or support. The spouse who seeks to have a debt excepted from discharge under this section has the burden of proving by a preponderance of the evidence that the obligation at issue is in the nature of alimony, maintenance, or support and therefore not discharged under 11 U.S.C. § 727. *See Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Bulman v. Bulman (In re Bulman),* 123 B.R. 24, 26 (Bankr.E.D.Va.1990).

■ While state law may be relevant and probative, the question whether a debt is

actually in the nature of alimony, maintenance, or support is governed by federal law. *Long v. West (In re Long)*, 794 F.2d 928, 930 (4th Cir.1986); *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2nd Cir.1981). *See also* 3 Lawrence P. King, Collier on Bankruptcy ¶ 523.15[1] (15th ed. 1990).

■ In the context of a voluntarily executed marital settlement, the test for whether the payments are "actually in the nature of alimony, maintenance, or support" is whether it was the *parties' intention* that the payments be for support rather than for property settlement. *In re Long*, 794 F.2d 928, 931 (4th Cir.1986); *Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir. 1986); *Melichar v. Ost*, 661 F.2d 300, 303 (1981). Although the Fourth Circuit has held that the true intent of the parties controls rather than labels within an agreement, the written agreement is still "persuasive evidence of intent." *Tilley v. Jessee*, 789 F.2d at 1077.

In this case, the parties entered into a settlement agreement later incorporated in their divorce decree. In dispute are the dischargeability of three obligations of debtor under the agreement, that is, whether they are spousal support or property payments.[1] In summary, the contested obligations are:

(1) Upon retirement, debtor is to repay defendant, his former wife, one-half of debtor's monthly military retirement pay. (Property Settlement Agreement, par. VII. F.)

(2) Upon his retirement debtor is to pay defendant a sum in addition to one-half of his monthly retirement which will bring the combined total payment up to $2,500.00 per month. Debtor's obligation for the additional sum terminates when defendant reaches the age of 65. (Property Settlement Agreement, par. VII. F.)

(3) Paragraph IV. A. of an addendum to the agreement provides that in addition to other child support obligations in the agreement, debtor is to pay defendant $250.00 per month each for their two children. The child support aspect of this obligation is not contested. However, as each child reaches 18 the payment nevertheless continues but as spousal support. The spousal support provision terminates upon the earlier of the death of either party or when defendant reaches 65. One of debtor's children has reached 18, and debtor disputes his obligation for the continuing monthly payment of $250.00.

The parties' property settlement agreement does not provide for termination of debtor's obligation for the three contested items upon defendant's remarriage.

That spousal support was the parties' intent is manifest from their settlement agreement and divorce decree, and this court finds that all of the three contested items are in the nature of spousal support and therefore excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

■ The $250.00 monthly payment per child provided in the agreement addendum is plainly stated to be spousal support as each child reaches 18. And although the retirement pay provisions for debtor to pay a monthly total of $2,500.00 were included under a heading of their agreement entitled "Division of Property," there are other more compelling indications within the agreement that in fact this was intended to be traditional spousal support. Thus, not only was debtor's monthly $2,500.00 obligation labeled "alimony" elsewhere in the agreement (Schedule B, p. 9) but also the operative paragraph stated that defendant was to include her receipt of this sum in her income tax return.

Evidence at trial established that defendant has included all the disputed payments in her income tax returns and that debtor in his own returns has claimed them as deductible alimony. This is further persuasive evidence of the parties' intent to treat debtor's obligations as spousal support. In fact, there is case authority to hold that the debtor is estopped under

---

**1.** Under Virginia law the term "spousal support" is used rather than "alimony." However, the terms are interchangeable in this opinion.

these circumstances to now argue that the payments which defendant has included as income in her tax returns are not alimony. *See Davidson v. Davidson (In re Davidson)*, 947 F.2d 1294 (5th Cir.1991); *Semrow v. Robinson (In re Robinson)*, 122 B.R. 502 (Bankr.W.D.Tex.1990).

There are other grounds for holding that the defendant former wife's right to receive one-half of debtor's monthly retirement pay is not dischargeable in bankruptcy. It may well be considered here that by the property agreement and divorce decree, defendant was awarded a direct property right in debtor's retirement pay which would be unaffected by debtor's bankruptcy discharge. *Sadowski v. Sadowski (In re Sadowski)*, 144 B.R. 566, 568 (Bankr. M.D.Ga.1992); *see also Corrigan v. Corrigan (In re Corrigan)*, 93 B.R. 81 (Bankr. E.D.Va.1988); *Tidwell v. Tegtmeyer (In re Tidwell)*, 117 B.R. 739 (Bankr.S.D.Fla. 1990); *compare Macys v. Macys (In re Macys)*, 115 B.R. 883, 892–93 (Bankr. E.D.Va.1990).[2] This conclusion is reinforced by the provisions of the divorce decree (set out above) ordering debtor to name and maintain defendant as sole beneficiary of survivor benefits under his retirement plan and requiring defendant to execute a voluntary allotment when defendant reaches age 65 by which the retirement pay will be paid directly to defendant.

Finally, aside from traditional alimony versus property dischargeability issues, debtor's counsel has argued that Virginia law prohibits the treatment of debtor's divorce obligations as spousal support after his former spouse's remarriage. Counsel relies upon Va.Code §§ 20–109 and 20–109.1, each of which contain the following identical sentence:

... Upon the death or remarriage of the spouse receiving support, spousal support shall terminate unless *otherwise provided* by stipulation or contract....

Va.Code § 20–109, § 20–109.1 (Michie 1988) (emphasis added).

Debtor's position is that since the property settlement agreement and divorce decree contained no language continuing the spousal support items after defendant's remarriage the support terminated by operation of the Virginia statutes upon her remarriage. Debtor supports this argument by a ruling of the Virginia Court of Appeals that where a property agreement does not clearly provide for continuation of the support following a spouse's remarriage, then §§ 20–109 and 20–109.1 require a termination of the obligation for the payment upon the remarriage. *Miller v. Hawkins*, 14 Va.App. 192, 415 S.E.2d 861 (1992).[3]

This court rejects debtor's argument without addressing the merits. The bankruptcy law issue here is one of dischargeability, i.e., whether the payments debtor was required to make under his property agreement and divorce decree are in the nature of alimony or spousal support. As stated previously this issue is controlled by federal standards and not by state law. Put in another light, debtor's argument raises a state law issue which this court need not consider.[4]

2. In the same vein, another line of authority withholds from discharge a debtor-spouse's obligation to pay the former spouse a portion of pension payments to be received in the future. *See Bush v. Taylor*, 912 F.2d 989, 993 (8th Cir. 1990); *McNierney v. McNierney (In re McNierney)*, 97 B.R. 648, 651 (Bankr.S.D.Fla.1989).

3. In so ruling the Virginia Court of Appeals adopted the views expressed in several opinions of appellate courts in sister states. *See Fisher v. Fredickson*, 262 Ga. 229, 416 S.E.2d 512 (1992); *Williams v. Williams*, 115 Wash.2d 202, 796 P.2d 421 (1990); *Edwards v. Benefield*, 260 Ga. 238, 392 S.E.2d 1 (1990); *Peterson v. Lobeck*, 421 N.W.2d 367 (Minn.Ct.App.1988); *Greene v. Kunkel*, 729 S.W.2d 34 (Mo.Ct.App.1987); *Glas-*

*ser v. Glasser*, 181 Cal.App.3d 149, 226 Cal.Rptr. 229 (1986).

4. This court is deciding only that the payments in question were intended by the parties to be "in the nature of" support and therefore are not dischargeable in this bankruptcy case. I believe any other issue concerning the status of these payments is a matter of state law to be determined by a state court. *See* Sheryl L. Scheible, *Bankruptcy and the Modification of Support: Fresh Start, Head Start, or False Start?*, 69 N.C.L.Rev. 577 (1991).

The principal test in determining whether an obligation contained in a support and property settlement agreement is in the nature of alimony, maintenance, or support is to determine the

A judgment order will be entered in favor of debtor's former wife, the defendant.

intent of the parties at the time the agreement was executed. If the parties intended to create an obligation in the nature of support, then the obligation would not be dischargeable; however, if they intended the obligation to be a property settlement, it would be dischargeable. *Tilley v. Jessee*, 789 F.2d 1074 (4th Cir.1986); and *see also, Melichar v. Ost (In re Melichar)*, 661 F.2d 300 (4th Cir.1981).