S93A1594. CROSBY v. TOMLINSON.
(436 SE2d 8)

CLARKE, Chief Justice.

The parties were married in 1953 and divorced in 1985. The divorce decree incorporated a settlement agreement between the parties which provided, in paragraph 2, that

The Husband receives benefits monthly pursuant to his retirement from the United States Air Force. Additionally, the Husband receives a monthly benefit from the Veterans Administration. The total of these payments is $728.00. The Husband agrees that the Wife will receive both these monthly benefits, and the Wife agrees that upon her receipt of same, she will immediately divide said benefits in equal shares and forward to the Husband one-half of the proceeds therefrom. The Husband agrees that as to any and all increases in these benefits that the Wife is to be entitled to one-half of same and shall deduct one-half of same from the monthly proceeds and forward the balance to the Husband. The Husband agrees that he will take all necessary action to insure that the Wife continues to receive a military I.D. and

full military benefits after this divorce.

In May 1992, appellee, former wife, remarried. Appellant, former husband, subsequently filed an application for declaratory judgment, seeking a determination that his obligation under paragraph 2 of the settlement agreement ceased upon appellee's remarriage.

The trial court ruled that the obligation created by paragraph 2 is alimony, but that it "should not cease upon remarriage of the former wife, due to the fact that the parties, according to the terms of the [settlement] agreement, provided otherwise." We granted the appellant's application for discretionary appeal to determine whether the trial court erred in concluding that the settlement agreement "provided otherwise" within the meaning of OCGA § 19-6-5 (b).

Pursuant to OCGA § 19-6-5 (b),

> [a]ll obligations for permanent alimony, however created, the time for performance of which has not arrived, shall terminate upon remarriage of the party to whom the obligations are owed *unless otherwise provided.* (Emphasis supplied.)

In *Daopoulos v. Daopoulos,* 257 Ga. 71 (354 SE2d 828) (1987), this court held that in order to conclude that a settlement agreement "provides otherwise" than the general rule that remarriage terminates permanent alimony obligations, the document "must expressly refer to remarriage of the recipient and specify that event shall not terminate the permanent alimony obligations created thereby." 257 Ga. at 73. However, this rule was held to apply only to permanent alimony obligations created after June 25, 1987. As to obligations created prior to that time, the rule of *Wiley v. Wiley,* 243 Ga. 271 (253 SE2d 750) (1979), continues to apply.

The trial court in this case correctly recognized that the alimony obligation at issue was created in 1985, and therefore, the principles of *Wiley* control in determining whether it is terminated by appellee's remarriage.

We have interpreted *Wiley* to require

> the trial court [to] construe the alimony obligation to determine whether the parties have "provided otherwise" under OCGA § 19-6-5 (b) to avoid termination of alimony on remarriage. If . . . the alimony obligation is ambiguous, it is the function of the trial court to resolve that ambiguity and determine the intent of the parties following ordinary rules of construction. *Fisher v. Fredrickson,* 262 Ga. 229 (416 SE2d 512) (1992).

In this case the trial court concluded that the parties had by "the

terms of the agreement provided otherwise" than the rule that appellant's alimony obligation would terminate upon appellee's remarriage. However, we cannot agree with the trial court's determination.

The terms of the agreement in *Wiley* provided that alimony would terminate on the occurrence of events other than remarriage, thus creating an ambiguity as to whether remarriage prior to the occurrence of the specified events would terminate the obligation. The trial court in that case concluded that the parties intended that the alimony obligation would survive remarriage, and this court affirmed. In the agreement before us, there is neither language from which it can be concluded that the alimony obligation will continue following appellee's remarriage, nor language creating an ambiguity regarding this issue. Because the alimony obligation is not ambiguous, it is governed by OCGA § 19-6-5 (b), and an inquiry into the intent of the parties is unnecessary. Therefore, the trial court erred in holding that appellant's alimony obligation survived appellee's remarriage.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 8, 1993.

*George M. Saliba III,* for appellant.
*C. Richard Williams, Jr.,* for appellee.