# CIRCUIT COURT OF LOUDOUN COUNTY

William B. Buland

v.

Jane H. Buland

January 12, 2000

Case No. (Chancery) 11492

BY JUDGE THOMAS D. HORNE

This case is before the Court on the Petition of Jane H. Buland. In her petition, Mrs. Buland requests that Mr. Buland, her former husband, be held in contempt of this Court for his failure to comply with certain conditions of the Court's Decree entered December 29, 1988, and the Property Settlement Agreement dated October 31, 1988, which was incorporated into the Decree. In addition, she asks that the Court adjudicate the liability of Mr. Buland for certain payments called for in the Agreement and, in the event such liability is found to exist, the amount owed by Mr. Buland.

As noted, the parties entered into a Property Settlement Agreement on October 31, 1988. They were divorced on December 29, 1988. Mr. Buland was granted a discharge in bankruptcy on June 19, 1991.

Mr. and Mrs. Buland have by consent resolved the amount of the child and spousal support arrearage. Accordingly, it need not be the subject of comment.

Defenses of a discharge in bankruptcy and laches have been raised by Mr. Buland. This Court has concurrent jurisdiction with the bankruptcy court to determine issues of dischargeability. *Douglas v. Douglas*, 17 Va. App. 380 (1993). Payments in the nature of child or spousal support are excepted from

a discharge pursuant to 11 U.S.C. § 523(a)(5), and a determination as to whether such payments are in the nature of support is governed by federal law. *Manning v. Wetterberg*, 149 B.R. 388 (E.D. Va. 1992). The intention of the parties to a marital settlement agreement is determinative as to whether a payment is support or a dischargeable property right. *Id*. Mrs. Buland must demonstrate by a preponderance of the evidence that the payments provided for in the marital settlement agreement are not dischargeable. *In re Lawson*, 14 F.3d 595 (4th Cir. 1993). It is the nature of the debt and not the identity of the payee that determines dischargeability. *Laing v. Laing*, 187 B.R. 531 (W.D. Va. 1995).

Mrs. Buland contends that she is entitled to a determination of the amount owed by Mr. Buland under the provisions of paragraph 10 of the Property Settlement Agreement. In addition she requests that the Court find Mr. Buland in contempt for his failure to make such payments. Under the terms of the Agreement, Mr. Buland is obligated to equally share with Mrs. Buland the costs of orthodontia for the parties' minor children. The evidence shows that total of Tracie's bills to be shared is $6,253.00 and the total of Tiffany's bills to be shared is $4,213.00. The bankruptcy does not bar Mrs. Buland's pursuit of these bills. *Id*. at 532, 533. Furthermore, the payment of those expenses having been mandated by the Final Decree, Mrs. Buland's entitlement to such payment is not subject to the defense of laches. *Johnson v. Johnson*, 1 Va. App. 330 (1986). Accordingly, the Court finds that Mr. Buland is obligated to pay Mrs. Buland the sum of $5,233.00 as reimbursement for the amount owed by him for his daughters' orthodontia.

In accordance with the terms of paragraph 9(b) of the Agreement, child support payments provided for in the agreement were to be "adjusted annually, on the anniversary date of [the] Agreement, and … increased or decreased by the percentage of change, over the preceding twelve-month period, in the 'CPI-U' published by the United States Labor Department Bureau of Labor Statistics." This Court has previously determined that the sums due pursuant to this provision were not child support subject to future modification by the Court. Instead, it was the opinion of the Court that this was an independent contractual provision governed by the provisions of § 20-109, Code of Virginia, and, as such, the "CPI-U" adjustments were to be calculated on the base support amount contained in the Agreement of $750.00, regardless of future modifications to support by the Court.

Mr. Buland contends that he is not obligated to pay the amounts due from the application of the "CPI-U" to the $750.00 base support amount because this was, according to him, a property right discharged by the bankruptcy. This Court disagrees. As previously noted, a determination of whether the

obligation is in the nature of support, and therefore not dischargeable, is a question of federal law. The authorities presented by counsel for Mrs. Buland are persuasive. Although he contends that the obligation was discharged in bankruptcy, Mr. Buland does not argue with the amount calculated as due by Mrs. Buland. Accordingly, the Court finds that Mr. Buland is obligated to Mrs. Buland in the amount of $6,697.68 for sums due under paragraph 9(b) of the Agreement. Mr. Buland, however, is not in contempt for his failure to make such payments.

In accordance with the provisions of paragraph 17 of the Agreement, "[e]ach of the parties shall contribute to the cost of college for each child to the extent of their respective financial abilities at the time such costs are incurred." Both of the children are in college and have incurred expenses. The Court heard testimony with respect to those expenses and of Mr. Buland's ability to contribute towards his daughters' college education. A detailed income and expense sheet prepared by Mr. Buland demonstrates that he has little to contribute towards the college education of his daughters at this time. In light of the Court's rulings herein with respect to other obligations, he will have even less. Although this is an obligation in the nature of support, and therefore not dischargeable in bankruptcy, the Court does not find that he has the financial ability to make a contribution to the college education of his daughters at this time. *Boyle v. Boyle*, 724 F.2d 681 (8th Cir. 1984); *Harrell v. Sharp*, 754 F.2d 902 (11th Cir. 1993); cf. *In re Sullivan*, 62 B.R. 465 (N.D. Miss. 1986). The Court finds that Mr. Buland is not in contempt of this Court relative to paragraph 17 of the Agreement.

Under the terms of the Agreement, Mr. Buland was to have provided medical insurance for the children. By a subsequent oral agreement, the parties stipulated that Mrs. Buland would provide health insurance for the children through her employer and that Mr. Buland would reimburse her for the added costs of providing such insurance. These amounts are included in the attachment to the Consent Decree entered by this Court on December 22, 1999.

The Agreement also provides that "either party shall be entitled to reasonable counsel fees incurred in securing the adherence of the other party to the terms of [the] agreement." In the instant case, the parties have stipulated to the amount due from Mr. Buland for support and unreimbursed premiums. Furthermore, Mrs. Buland was required to initiate these proceedings to seek a determination of the extent of Mr. Buland's liability for certain obligations under the Agreement. Mrs. Buland is therefore entitled to a recovery of attorney's fees. Accordingly, the Court will grant Mrs. Buland the sum of $9,500.00 towards her attorney's fees and costs.

238

Mr. White may draw a decree entering judgment for the sums due. Although Mrs. Buland may at an earlier date seek recovery for such sums as a money judgment, equity compels that, with the exception of the sums provided for in the Consent Decree of December 22, 1999, Mr. Buland pay all of the amounts found to be due herein on or before January 1, 2001.