### 22825. JONES v. JONES.

QUILLIAN, Justice. Mrs. Frances Lou Brister Jones brought this action in the Worth Superior Court against Billy Maddox Jones seeking a divorce, custody of the parties' three minor children, alimony and child support, and attorney's fees. The petition set out that the plaintiff was entitled to a divorce based on grounds of cruel treatment. The defendant husband answered denying the material allegations of the petition and further alleged that the plaintiff mother was unfit to care for the children because she suffered from a mental disorder. The defendant alleged he was able and willing to provide for the support of his wife and children, but prayed that custody of the children be awarded to him.

The cause came on for a jury trial at which evidence was introduced by both parties as to the cruel treatment of the plaintiff

by the defendant (and vice versa), as to the mental condition of the plaintiff, and as to the financial condition of the defendant and of the plaintiff. As to the defendant's rights in the house and lot where the parties resided, the record shows that the plaintiff alleged the defendant's ownership of the property and she testified the defendant owned the lot on which their home was located; the defendant also admitted that he owned "the lot my house is on." The defendant's answer set out that he owned an equity of redemption in the property and, in this connection, he testified that he had a loan for $20,700 on the house.

The jury found for the plaintiff and awarded her alimony and, if the trial judge awarded custody of the children to the plaintiff, child support in a stated amount per month. The trial judge entered judgment on the verdict granting the plaintiff a divorce, awarding her alimony and child support and providing that she have custody of the parties' three minor children, with visitation rights in the father. The defendant filed a motion for new trial on the general grounds only and simultaneously filed what he designates a motion to amend or modify two parts of the judgment. The trial judge overruled both motions. To the order overruling his motion for new trial and the motion to modify the judgment, the defendant excepted and brings the case to this court for review. *Held:*

1. The assignment of error that the trial judge erred in overruling the general grounds of the motion for new trial brings but one question for review, whether the evidence supported the verdict. The evidence was in conflict but amply authorized the verdict. The exception is without merit.

2. In addition to the motion for new trial made on the general grounds, the defendant filed a macaronic motion which he denominated a motion to modify the divorce decree, some paragraphs of which are appropriate to a motion for new trial since they attack the verdict not on matters appearing on the face of the record but on account of the insufficiency of the evidence to support designated findings of the jury, while other paragraphs attack the decree of the court only because of alleged defects appearing on the face of the record. See *Code* § 110-703.

3. The first ground contained in the motion to modify the judgment seeks to strike a provision of the decree which essentially followed the verdict rendered by the jury. The jury

verdict provided: "we award the plaintiff use of the present home as long as she maintains residence in said dwelling for nine months out of each year." The decree provided that the plaintiff should have the use of the home of the parties "for so long as she maintains her residence in the said dwelling for nine months out of each year. Should the plaintiff fail to maintain her residence in the said dwelling for nine months out of any year then upon such event happening the use of the said home and the said land shall revert to the defendant." The defendant urges that this portion of the decree should be stricken for two reasons.

(a) First, the defendant contends the portion of the decree is invalid because the jury verdict upon which it is based is so vague as to be incapable of interpretation or enforcement and is illegal and void. While a decree entered upon a verdict void for uncertainty is necessarily itself too uncertain to be enforced and must be set aside or arrested upon proper motion, the verdict in the present case is not uncertain or vague, but in plain, clear and unambiguous terms awarded to the plaintiff as part of the alimony granted her the use of the property in question. See in this connection pronouncements of the principle that alimony may be awarded either from the husband's earnings or from the corpus of his estate, as by granting to the wife the title or use of property in the possession of the husband. *Code* § 30-209; *Wise v. Wise,* 156 Ga. 459 (119 SE 410); *Brannen v. Brannen,* 208 Ga. 88 (1) (65 SE2d 161).

(b) Secondly, the defendant urges that "such provision" will award the plaintiff an estate in properties the defendant does not own since the defendant admitted only that he was vested with an equity of redemption in the property and there is no evidence that he owns such an estate in the property from which an award of the use thereof could be legally made. This contention is obviously without merit for the simple reason that it would be no concern of the defendant that the jury awarded the plaintiff a right in property he did not own, because in that event his interests could not be adversely affected. It may also be observed that the evidence showed the defendant had an equity and the right of possession in the property the use of which the verdict awarded to his wife. Hence, the award would not be for a greater interest in the property than that vested in the defendant.

4. The second ground of the motion complains of a portion of the decree which provided that the defendant should not visit the children on the premises where they are kept by the plaintiff except to pick them up or return them and that after picking the children up or returning them to the plaintiff the defendant should leave the premises immediately. The defendant urges that this provision of the decree was in effect an injunction against the defendant which was not prayed for.

This provision was a part of a very exact and comprehensive custody decree which provided in great detail the conditions under which the father might exercise his visitation rights. The excerpt from the decree does not amount to an injunction but merely a prudential provision to effectuate and facilitate carrying out the custody arrangements provided for in the court's decree. The trial judge has a broad discretion in matters relating to custody.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 8, 1965—DECIDED MARCH 16, 1965.

*Reinhardt, Ireland & Whitley, Glenn Whitley, Perry, Walters & Langstaff,* for plaintiff in error.

*Seymour S. Owens, Farkas, Landau & Davis,* contra.