## 1061

Edwin HARDIN, Appellant v. Shirley Jean HARDIN, Respondent.
(365 S. E. (2d) 34)

Court of Appeals

*Charles W. Blackwell* and *Brian C. Wilson,* both of *McMehan & Blackwell,* Rock Hill, *for appellant.*

*William G. Rhoden,* Gaffney, *for respondent.*

Heard Nov. 10, 1987.

Decided Dec. 7, 1987.

GARDNER, Associate Judge:

In this divorce action, the appealed order (1) awarded Shirley Jean Hardin (the wife) $250 per month alimony, and further that the wife "is entitled to live in the home for the duration of her lifetime if she so chooses," (2) required Edward Hardin (the husband) to maintain a $50,000 life insurance policy on his life with the wife as beneficiary, (3) equitably divided certain personal property and awarded the wife a 50 percent interest in the marital home titled in the name of the husband, but required the husband to convey the entire fee to the wife provided the husband retain a 50 percent equitable interest in the home should it be sold and (4) awarded the wife a one-half interest in the proceeds of any life insurance policy the husband owned and might cash in. We affirm and modify the appealed order in part and reverse in part.

The issues of merit presented on appeal are whether the trial judge erred by (1) requiring the husband to convey the entire fee of the marital home to the wife, (2) requiring the husband to maintain a $50,000 life insurance policy with the wife as beneficiary and (3) awarding the wife a one-half interest in the proceeds of any life insurance policy the husband owned and might cash in; without determining the relevant values.

First, the requirement that the husband convey the entire fee of the marital home to the wife creates a possibility that the entire fee of the marital home might be subjected to the lien of judgments against the wife. We therefore modify the appealed order and direct that the husband execute a deed of conveyance of the marital home and that the granting clause of said deed be to Edward Hardin and to Shirley Jean Hardin, their heirs and assigns.

We note that the husband took no exception to the finding that the wife has the right to live in the marital home for the duration of her lifetime if she so chooses; we therefore do not address this holding.

Next, the husband asserts error in the requirement that he acquire a life insurance policy on his life in the amount of $50,000 payable to the wife as beneficiary.

In *Fender v. Fender*, 256 S. C. 399, 182 S. E. (2d) 755 (1971), our Supreme Court upheld a requirement by the Family Court that a father in a divorce action maintain a life insurance policy on his life for the benefit of his minor child. Additionally, in *Drawdy v. Drawdy*, 285 S. C. 159, 328 S. E. (2d) 133 (Ct. App. 1985), this court impliedly recognized the principle that a husband may be required to maintain life insurance to secure the payment of a lump sum alimony award or judgment. Whether the Family Court can impose a similar requirement for the benefit of a dependent spouse to secure the payment of periodic alimony is a novel question in this State. The prevailing view, which we adopt, is that absent special circumstances or specific statutory authority, both of which are lacking here, the Family Court does not have the inherent power to require a supporting spouse to obtain or maintain, solely as an incident of periodic support, a life insurance policy naming the dependent spouse as beneficiary, the rationale being that such a requirement is in the nature of alimony, for which the liability ceases upon the death of the supporting spouse. Annot., 59 A.L.R. (3d) 9 (1974) (Divorce—Maintenance of Life Insurance). We therefore hold that the trial judge should not have required the husband to provide coverage on his life for the wife's benefit since that requirement exceeded the jurisdiction of the Family Court. Accordingly

we reverse the appealed order insofar as it requires the husband to maintain $50,000 life insurance payable to the wife as beneficiary.

■ The appealed order by way of equitable distribution provided, *inter alia:*

> I further find that the Respondent shall be entitled to one-half (½) of the cash value of any life insurance policies listed on the petitioner's financial declaration that he might convert to cash or otherwise terminate, payable at the date of termination. If the Petitioner converts any of these policies to another policy, or consolidates these, he will pay to Respondent one-half (½) of the cash value at the time of the conversion.

Section 20-7-473, Code of Laws of South Carolina (Supp. 1986), as amended, defines marital property thusly:

> **Section 20-7-473. Marital and nonmarital property; nonmarital property as not subject to judicial apportionment.**
> The term "marital property" as used in this article means all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation as provided in Section 20-7-472 regardless of how legal title is held, ...

This action was instituted May 19, 1986; under the above statute, the cash value of life insurance policies acquired after that date cannot be included in the marital estate. We therefore modify the appealed order to the extent that the equitable distribution be limited to the cash value of the life insurance policies on the husband's life as of May 19, 1986.

For the above reasons, the appealed order is affirmed in part as modified and reversed in part.

Affirmed in part as modified and reversed in part.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.