## 46084. STONE v. STONE.
(373 SE2d 627)

WELTNER, Justice.

The jury verdict in this divorce action provided that the parties would pay their own court costs and attorney fees. The trial court adopted the verdict, but awarded $8,000 to the wife as attorney fees.

The issue of attorney fees is reserved to the trial judge under

---

[2] Defendant has filed an extraordinary motion for new trial in this court based on newly-discovered evidence. Such a motion must be directed to the trial court. *Williams v. State*, 254 Ga. 6, 9 (2) (326 SE2d 444) (1985).

OCGA § 19-6-2, and the court correctly invalidated that aspect of the verdict. The issue then becomes whether or not the verdict may stand in the light of this alteration.

OCGA § 9-12-7 provides, in part:

"[A]fter a verdict has been received and recorded and the jury has been dispersed, it may not be amended in matter of substance either by what the jurors say they intended to find or otherwise."

We must assume that the allocation of resources, under the scheme adopted by the jury in its verdict, was based upon the jury's expectation that no party would be required to pay litigation costs incurred by the other party. The trial court's award of a substantial sum in litigation expenses to the wife worked a change "in matter of substance" of the jury's allocation of resources between the parties. Accordingly, the case must be remanded for a new trial.[1]

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 23, 1988.

*Dubberly & McGovern, Joseph D. McGovern, M. Francis Stubbs,* for appellant.

*Reinhardt & Whitley, Robert C. Wilmot,* for appellee.

---

[1] We have suggested on several occasions that jury verdicts that include inappropriate terms or ambiguities be resubmitted for amendment or clarification.