46387, 46535. SAPP v. SAPP (two cases).
(378 SE2d 674)

BELL, Justice.

These appeals arise from a jury trial in a divorce case and the judgment entered on the verdict. The issues presented for our consideration concern two provisions of the judgment that allocated property to the wife as equitable property division, and a third provision of the judgment that allocated attorney fees to the wife. In Appeal No. 46387, we consider the husband's contentions that the two equitable-division provisions are actually periodic alimony, and that we should revise the judgment to reflect that fact. In Appeal No. 46535, we address the husband's assertion that the award of attorney fees was excessive.

As we will explain in the remainder of this opinion, we agree with the husband's claim that the purported equitable-division awards are

---

actually periodic alimony, but we find that the appropriate consequence is to reverse and remand for a new trial. As we will also explain later in this opinion, we find no reversible error in the award of attorney fees.

### 46387. The equitable-division awards

1. With respect to the first award of equitable division of property at issue, the verdict stated that as equitable property division the wife would retain her existing status as owner and beneficiary of a policy of insurance on the husband's life, and that the husband would clear the policy of debt and would pay the premiums.

The judgment of the court incorporated this award, but also added a provision that, because the award was an equitable division of property, the husband's obligation to pay the premiums on the policy would not end in the event of the wife's remarriage or death.

2. With respect to the second equitable-division award in question, the verdict stated that as equitable property division the husband would pay the wife's hospitalization insurance for the rest of her natural life. After the verdict was returned, the jury orally indicated (in response to a question by the court) that it meant for the husband to pay the premiums even if the wife remarried.

The judgment of the court incorporated this aspect of the verdict (as orally supplemented by the jury), but with two alterations. In one change, the court retained the requirement that the husband pay the hospitalization premiums, but deleted the provision that the duration of the requirement would be the rest of the wife's natural life.[1] In the second alteration, the court added an express requirement that the husband pay premiums on the wife's medical insurance as equitable property division, and that, because the obligation to pay those premiums was equitable division, it would not cease on the wife's remarriage.[2]

3. On appeal, the husband asks us to decide the nature of the premium obligations as a matter of law, notwithstanding the verdict and judgment's characterization of them as equitable property division. The wife argues that this court should not undertake to classify the premium obligations as a matter of law, but rather should defer to the jury's and trial court's intent to award the obligations as equitable division.

---

[1] The wife does not contend that the court erred by making this deletion.

[2] It is unclear whether the hospitalization and medical insurance were part of a single policy. In any event, the husband does not contend that the court erred in adding the medical-insurance obligation; he only contests the court's classification of the obligation as equitable division, and the requirement that it continue beyond the wife's remarriage.

We have already indicated in prior opinions that, in the process of reviewing awards in divorce judgments, this court will determine the nature of the awards as a matter of law, and "on a basis of substance, rather than of labels." *Stone v. Stone*, 254 Ga. 519 (330 SE2d 887) (1985). We therefore accept the husband's argument in this regard.

4. The verdict and judgment characterized the husband's future obligation to pay the premiums on the policy of life insurance as an equitable division of property. However, even assuming without deciding that an obligation to make future cash-installment payments could be awarded as equitable division of property, cf. *Stone v. Stone*, supra, 254 Ga. (2), in any event the obligation could not extend for an indefinite period of time, see *Stone*, supra; see also *Winokur v. Winokur*, 258 Ga. 88, 90 (1) (365 SE2d 94) (1988).

Here, the number of life-insurance premium payments and the total amount of the payments are contingent on the length of the husband's life, and therefore cannot be determined at present. See *Winokur*, supra. Because the premiums are payable for an indefinite period, we conclude that the obligation to pay the premiums constitutes periodic alimony rather than equitable property division. *Stone v. Stone*, supra, 254 Ga.

5. The premiums for the wife's hospitalization and medical insurance are likewise payable for an indefinite period, and we therefore conclude that the husband's obligations to pay those premiums are also periodic alimony.

6. The husband argues that, in the event this court deems the insurance obligations to be periodic alimony, we should revise the judgment to reflect that fact. However, it is our opinion that, because we have altered the jury's allocation of the husband's obligations to the wife with regard to the life-insurance premiums,[3] a more appropriate disposition is to reverse the judgment and remand for a new trial.

This result follows from our holding in the recent divorce case of *Stone v. Stone*, 258 Ga. 716 (373 SE2d 627) (1988). In that case the jury verdict provided that the parties would pay their own expenses. The superior court adopted most of the verdict, but directed the husband to pay certain of the wife's expenses. On appeal we held that the trial court had not erred by invalidating the aspect of the verdict dealing with attorney fees. We also held, however, that the verdict could not stand in light of the trial court's alteration, because we had to:

---

[3] We pretermit considering whether we have disturbed the jury's expectations in other respects.

assume that the allocation of resources, under the scheme adopted by the jury in its verdict, was based upon the jury's expectation that no party would be required to pay litigation costs incurred by the other party. The trial court's award of a substantial sum in litigation expenses to the wife worked a change "in matter of substance" [OCGA § 9-12-7] of the jury's allocation of resources between the parties. Accordingly, the case must be remanded for a new trial.

*Stone,* supra, 258 Ga. at 717.

In the present case the jury was instructed on the law of equitable property division and periodic alimony, and in particular was instructed that any award of periodic alimony would end upon the death of either party or upon the wife's remarriage. In its verdict the jury made separate awards of alimony and equitable division of property. As part of the equitable-division award, the jury directed the husband to pay the life and hospitalization premiums, and subsequently orally supplemented the hospitalization award by indicating that it intended the obligation to survive the wife's remarriage. In contrast, as its alimony award, the jury ordered the husband to pay the wife periodic alimony of $5000 per month *until* her death or remarriage.

Under these circumstances — particularly the fact that the jury distinguished the monthly alimony payments by taking pains to expressly provide that they would end on the wife's death or remarriage — there is a substantial possibility that the jury's overall allocation of resources was based on an expectation that, although the monthly payments of $5000 would end on the wife's death or remarriage, the wife or her estate would continue to benefit from the husband's payment of life-insurance premiums, notwithstanding her remarriage or death.

If the jury's allocation of resources was in fact based on this expectation, it follows that, as a result of determining that the obligation to pay life-insurance premiums is periodic alimony, we have altered the expectation of the jury concerning the duration of that obligation, and have thereby worked a change in matter of substance of the jury's allocation of resources between the parties. See *Stone,* supra, 258 Ga. at 717. Accordingly, the case must be remanded for a new trial.

7. In light of our foregoing holdings, the husband's remaining arguments concerning Appeal No. 46387 need not be addressed.

*46535. The award of attorney fees*

8. After reviewing the record and the arguments of the parties, we find no error in the trial court's award of attorney fees. OCGA § 19-6-2.

*Judgment reversed in Appeal No. 46387. All the Justices concur, except Gregory and Hunt, JJ., who dissent. Judgment affirmed in Appeal No. 46535. All the Justices concur.*

HUNT, Justice, dissenting.

I respectfully dissent, in case number 46387, to the grant of a new trial, a remedy neither party seeks. Based on the expense of the first trial, the cost of the second may well outweigh any remedial benefit.

Assuming the premium payments for both the health and life policies must be segregated from the equitable division of those marital properties and denominated periodic permanent alimony,[4] the case need not be reversed. The jury plainly stated, as to the health insurance, that the husband should pay the premium beyond the wife's remarriage. This they are authorized to do. OCGA § 19-6-5 (b). They made no such provision for the premiums on the policy insuring the husband's life. Consequently, those payments by the husband must end on the wife's remarriage. (The wife, as owner of the policy, or her estate, in the event of her death, could thereafter maintain the policy.) The trial court's judgment to the contrary should be amended and I would affirm and remand with direction for just that purpose. This would leave the jury's verdict intact, as contrasted to *Stone v. Stone*, 258 Ga. 716 (373 SE2d 627) (1988).

DECIDED APRIL 25, 1989 —
RECONSIDERATION DENIED MAY 25, 1989.

*Walters, Davis, Smith, Meeks & Pittman, W. Edward Meeks, Jr.,* for appellant.

*Stone, Peterman & Christian, Martha C. Christian,* for appellee.

---

[4] It is a mighty thin line between periodic payment and lump sum payment when referring to life insurance premiums. Surely, had evidence been offered of the cost of paid-up insurance, the jury could have given Mrs. Sapp, as a piece of marital property, the policy, with debt and premiums paid off.