S94A1551. ANDREWS v. WHITAKER.
(453 SE2d 735)

HUNT, Chief Justice.
Reginald Andrews and Ann Whitaker were divorced in the fall of 1988. By the terms of the jury verdict, Whitaker was awarded no alimony, but an equitable division of property was made. Each of the parties received one-half of the liquidated pension annuity account of Andrews, who had retired shortly before trial. In addition, Andrews was required to pay Whitaker half of his retirement pay, to purchase an annuity for her, and to purchase and provide to her two tickets to the Masters Golf Tournament in each odd number year beginning in 1989.

In March 1991, Whitaker remarried. Thereafter, Andrews brought a complaint for a declaratory judgment, contending that the award of half of his retirement pay and the obligations to purchase the annuity and the Masters Golf Tournament tickets constituted periodic alimony and should have terminated upon Whitaker's remarriage. The trial court denied Andrews relief, finding that the provisions of the final judgment in dispute were divisions of property rather than periodic alimony. Andrews appeals.

1. Whitaker argues that this Court should not attempt to determine the nature of Andrews' various obligations but should instead defer to the intent of the jury to award the obligations as equitable division of property. We disagree. In prior opinions, we have made it clear that in reviewing awards in divorce judgments, this Court will ascertain the nature of the awards as a matter of law, and on the basis of substance rather than of labels. *Sapp v. Sapp,* 259 Ga. 238, 240 (378 SE2d 674) (1989).

2. *The Masters Golf Tournament Tickets.* We have consistently held that where payments must be made for an indefinite period of time, thus making the actual amount to be paid indefinite, the obliga-

tion constitutes periodic alimony rather than an equitable division of property. Id. See also *Winokur v. Winokur*, 258 Ga. 88, 90 (365 SE2d 94) (1988); *Stone v. Stone*, 254 Ga. 519 (330 SE2d 887) (1985). Here, the period of time over which Andrews will have to purchase tickets, as well as the actual price of the tickets, is indefinite; accordingly, there can be little doubt that this obligation is in the nature of periodic alimony.

3. *The Annuity*. In *Sapp*, supra, we held that a husband's obligation to purchase a life insurance policy on his own life with his wife as beneficiary was periodic alimony because the number of premium payments and the total amount of the payments were contingent on the length of the husband's life and therefore indefinite. That case is analogous to the one before us; again, Andrews must pay for the annuity for an indefinite period of time, and the fact that the amount to be paid is indefinite renders this obligation periodic alimony rather than a division of property.

4. *Retirement pay*. The case is otherwise with respect to the retirement pay. Marital property is that property acquired from the labor and investments of the parties during the course of the marriage, *Courtney v. Courtney*, 256 Ga. 97, 98 (344 SE2d 421) (1986), and such property is subject to equitable division. *Moore v. Moore*, 249 Ga. 27, 28 (287 SE2d 185) (1982). Since Andrews's retirement benefits constitute deferred compensation for services rendered during the term of employment and during the course of this marriage, see *Guntin v. Guntin*, 263 Ga. 241 (430 SE2d 6) (1993), these benefits are subject to equitable division.

Andrews argues that *Fisher v. Fredrickson*, 262 Ga. 229 (416 SE2d 512) (1992) demands a contrary result. *Fisher* involved a settlement agreement that required a husband to pay to his ex-wife one half of his military retirement benefits. In that case we concluded that the obligation to pay half of the retirement benefits constituted periodic alimony since the number and total amount of the payments were contingent on the length of the husband's life and could not be presently determined. Such reasoning was faulty, and *Fisher* is herewith overruled. There is a marked difference between retirement pay, which has been earned in the course of the marriage for past services performed and which relieves the payor from the burden of future earnings, and obligations such as those discussed supra in Divisions 2 and 3 whose duration and amount are unknown and the necessary funds for which must come from assets acquired after the divorce. We have held that unvested retirement benefits are marital property subject to equitable division, *Courtney v. Courtney*, supra, and what is true of unvested benefits is even more true of those benefits which have in fact vested and become payable.

*Judgment affirmed in part and reversed in part. All the Justices*

*concur, except Hunstein, J., who concurs in the judgment only as to Division 2.*

DECIDED FEBRUARY 27, 1995.

*Christopher J. McFadden, L. A. Paulk,* for appellant.
*R. Stacey Hylton,* for appellee.