S95A0733. DILLARD v. DILLARD.
(458 SE2d 102)

SEARS, Justice.

The parties divorced in 1991. The divorce decree obligates the husband to make a specific number of alimony payments in specific amounts, and terminates the husband's alimony obligation upon the wife's remarriage. The husband petitioned for modification of alimony in 1993. The trial court dismissed the petition, finding that the husband's obligation is for lump-sum alimony and as such is not subject to modification. The issue before us is whether the obligation is in fact for lump-sum alimony, or is instead for periodic alimony and subject to modification. Because there are limitations on the husband's obligation inconsistent with lump-sum alimony, we hold that the obligation is for periodic alimony, and we reverse the trial court.

An obligation is considered lump-sum alimony if it states the exact number and amount of payments "without other limitations, conditions or statements of intent."[1] The obligation in this case does state the number and amount of alimony payments, but it also contains "other limitations, conditions or statements of intent" characteristic of periodic alimony. For example, periodic alimony terminates when the receiving spouse remarries,[2] as does this obligation. Also, an obligation is considered periodic alimony where the total amount of the obligation is contingent and "cannot be determined at present."[3] In this case, the total sum owed by the husband cannot be determined, as it depends upon whether or not the wife remarries. Thus the husband's obligation is for periodic alimony, and as periodic alimony the obligation is subject to modification.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 5, 1995 —
RECONSIDERATION DENIED JUNE 23, 1995.

*Griner & Mirate, Galen A. Mirate, Ellisa Garrett, Susan P. Tate,* for appellant.

*Henry & Pearson, J. Hue Henry, Regina M. Quick,* for appellee.

---

[1] *Winokur v. Winokur,* 258 Ga. 88, 90 (1) (365 SE2d 94) (1988).
[2] See OCGA § 19-6-5 (b); see also *Stone v. Stone,* 254 Ga. 519 (1) (330 SE2d 887) (1985).
[3] *Sapp v. Sapp,* 259 Ga. 238, 240 (378 SE2d 674) (1989).
[1] Paulk requires that a written notarized authorization for release of the records be di-