### S95A1351. WINSTEAD v. WINSTEAD.
(461 SE2d 538)

FLETCHER, Presiding Justice.

In awarding permanent alimony to the wife after a bench trial, the trial court ordered that periodic alimony would be charged against the husband's estate. We granted the husband's application to consider whether this provision was invalid. This Court has held previously that the death of a former spouse terminates his or her obligation to pay periodic alimony that was awarded after a contested divorce trial.[1] Adhering to our previous decisions, we hold that the trial court could not impose a duty on the husband's estate to pay periodic alimony without an agreement of the parties. Therefore, we reverse the portion of the judgment imposing a charge on the husband's estate.

Although our invalidation of the estate provision changes the trial court's allocation of resources, a new trial is not needed. When the party who is adversely affected by the change requests that we

---

[1] *Foskey v. Foskey*, 257 Ga. 736 (363 SE2d 547) (1988); *Deaderick v. Deaderick*, 182 Ga. 96, 97 (185 SE 89) (1936).

eliminate the challenged provision and affirm the rest of the decree, we will not order a new trial.[2] The wife concedes that our decision in *Foskey* controls, agrees that the challenged provision should be eliminated on remand, and requests that we affirm the trial court's award of alimony to the wife. Because the trial court did not abuse its discretion in awarding alimony, we affirm the remaining provisions of the judgment.

*Judgment affirmed in part, reversed in part and remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 25, 1995.

*Charles E. Jones*, for appellant.
*Edwin S. Varner, Jr.*, for appellee.

---

[2] See *Gardner v. Gardner*, 264 Ga. 138, 139 (441 SE2d 666) (1994) (holding that a new trial was not required when the harmed party requests that the offending provision be stricken and a new trial not be granted).