## S96A0249. RAGLAND v. RAGLAND.
### (469 SE2d 658)

BENHAM, Chief Justice.

The parties to this appeal are both educators and are members of the same retirement system. The jury provided in the alimony portion of the verdict in the parties' divorce action that Mr. Ragland would pay Ms. Ragland a specified sum until he retired, at which time he would pay her one-half of his retirement benefits; that she would, when she retired, pay him one-half of her retirement benefits; and that both would choose the 50 percent survivor option available under their retirement system. The trial court's judgment required both parties to select the survivor option and to name the other as beneficiary. Mr. Ragland filed an application for discretionary appeal which this Court granted, posing the question, "Did the trial court err in ordering each party to name the other as a 50% survivor beneficiary to their respective retirement plans where the parties had not retired at the time of the divorce?" For the reasons set forth below, we conclude that the trial court did not err.

The contested provision of the judgment appears in a paragraph labeled neither alimony nor equitable division of property, and located between those two sections of the judgment. Mr. Ragland contends that the judgment was erroneous whether the requirement that each name the other as beneficiary under the 50 percent survivor option of their retirement plan is considered periodic alimony or equitable division of property. Because the period over which Mr. Ragland will continue to pay into the retirement plan is indefinite, bounded by his death or retirement, the award at issue here is clearly one of periodic alimony: "[W]here payments must be made for an indefinite period of time, thus making the actual amount to be paid indefinite, the obligation constitutes periodic alimony rather than an equitable division of property. [Cits.]" *Andrews v. Whitaker*, 265 Ga. 76 (3) (453 SE2d 735) (1995). We need not be concerned, therefore, with Mr. Ragland's arguments concerning equitable division of property.

As to periodic alimony, his argument is based on the proposition that the award is illegal because it requires payment of alimony after the death of the payor. He is correct that the death of the payor terminates the obligation to pay periodic alimony awarded in a contested divorce and alimony trial (*Foskey v. Foskey*, 257 Ga. 736 (2) (363 SE2d 547) (1988)), and that a trial court, without an agreement of the parties, cannot impose a duty on one party's estate to pay periodic alimony after the party's death. *Winstead v. Winstead*, 265 Ga. 690 (461 SE2d 538) (1995).

The flaw in Mr. Ragland's argument, however, is that the award in this case will not impose any duty on his estate after his death. Instead, it provides for Ms. Ragland's support after his death in the

same fashion that an annuity would. In *Andrews v. Whitaker,* supra, this Court recognized as periodic alimony a requirement that the payor spouse purchase an annuity for the payee spouse. There, the payments for the annuity would be for an indefinite period, and the payments from it would begin after the payor's death. Here, the contributions to the retirement plan will continue for an indefinite period, until Mr. Ragland retires or dies, and the payments pursuant to the election of the 50 percent survivor option will begin after Mr. Ragland's death. There is no reason to distinguish these two contractual methods of providing for a former spouse's support after the death of the payor former spouse.

We conclude, therefore, that the trial court's requirement that Mr. Ragland elect the 50 percent survivor option under the retirement plan in order to provide support to Ms. Ragland after Mr. Ragland's death is a valid award of periodic alimony.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 6, 1996.

*Kirby L. Turnage,* for appellant.
*John F. Lyndon,* for appellee.