S97A0869. HAWKINS v. HAWKINS.
(491 SE2d 806)

FLETCHER, Presiding Justice.

In this divorce action, the trial court ordered the husband to pay alimony of $5,000 per month for five years, granted the wife half of the current value of the husband's retirement plan, and ordered the husband to name the wife as beneficiary of his life insurance policy for five years until she began receiving retirement benefits. We granted the husband's discretionary application to consider whether the trial court erred in requiring the husband to maintain a life insurance policy with his former wife as beneficiary to secure his obligations to pay periodic alimony. Concluding that the trial court did not impose any alimony obligation on the husband's estate, we affirm.

Harvey K. Hawkins and Sharon J. Hawkins divorced in 1996 after 31 years of marriage. The husband is an airline pilot; the wife is a high school graduate who remained at home and raised their five children. After a bench trial, the trial court ordered the husband to

pay premiums on life insurance in the amount of $300,000, with the wife as beneficiary, until she receives retirement benefits from the airline. The husband may maintain the policy in decreasing amounts so long as it would provide the wife with the total benefit that she would receive in alimony. If the husband dies while the policy is in force, the wife would retain a sum that equals the remaining alimony to which she is entitled and pay the excess amount to the husband's estate.

Nearly two decades ago, this Court concluded that a trial court may order a spouse to carry life insurance for the benefit of the other spouse.[1] We have previously held that this obligation is periodic alimony because the number of payments is indefinite.[2] Citing the rule that a court-ordered obligation to pay periodic alimony terminates with the death of the paying spouse,[3] Mr. Hawkins argues that the trial court improperly required the payment of periodic alimony to Mrs. Hawkins after his death.

In *Ragland v. Ragland*,[4] we considered whether a trial court could order one spouse to name the other spouse as beneficiary of a retirement plan. We rejected the husband's argument that the award was illegal because it required the payment of alimony after his death. Rather, this Court held that requiring the husband to elect the 50-percent survivor option under his retirement plan to support his former wife after his death was a valid award of periodic alimony. We reasoned that the trial court's award did not impose any duty on his estate because Mr. Ragland's payments to his retirement plan would be made before his death.

Similarly, the trial court's award in this case does not impose a duty on the husband's estate to pay periodic alimony. All court-ordered premiums on the life insurance policy end with Mr. Hawkins' retirement or death. If he were to die before he retires, the insurance company would pay the benefits to Mrs. Hawkins for her support after his death. We conclude that the trial court made a valid award of periodic alimony when it required the husband to maintain a life insurance policy for five years for the benefit of his former wife.

*Judgment affirmed. All the Justices concur, except Carley, J.,*

---

[1] *Ritchea v. Ritchea*, 244 Ga. 476 (260 SE2d 871) (1979); see *Andrews v. Whitaker*, 265 Ga. 76 (453 SE2d 735) (1995) (affirming a husband's obligation to purchase an annuity for his wife). But cf. *Gardner v. Gardner*, 264 Ga. 138 (441 SE2d 666) (1994) (holding that trial court cannot order husband to maintain a life insurance policy for the benefit of the children).

[2] *Sapp v. Sapp*, 259 Ga. 238 (378 SE2d 674) (1989); see *Dillard v. Dillard*, 265 Ga. 478 (458 SE2d 102) (1995) (alimony payments were periodic alimony when they terminated on the remarriage of the receiving spouse).

[3] *Winstead v. Winstead*, 265 Ga. 690 (461 SE2d 538) (1995).

[4] 266 Ga. 643 (469 SE2d 658) (1996).

*who dissents.*

CARLEY, Justice, dissenting.

In my opinion, Georgia law does not authorize the trial court to require the payment of periodic alimony beyond the death of Mr. Hawkins, by ordering that he maintain a life insurance policy for the benefit of Ms. Hawkins. Accordingly, I respectfully dissent.

Contrary to the majority opinion, neither *Ritchea v. Ritchea*, 244 Ga. 476 (260 SE2d 871) (1979) nor *Andrews v. Whitaker*, 265 Ga. 76 (453 SE2d 735) (1995) supports the proposition "that a trial court may order a spouse to carry life insurance for the benefit of the other spouse." (Majority opinion, p. 638.) *Ritchea*, supra at 477 (2), merely holds that a provision of a final divorce decree related to life insurance "is in full accord with the undisputed evidence and the verdict of the jury in the case." Thus, the only question addressed in *Ritchea* was whether the award was authorized as a matter of fact in that case, and that decision did not determine whether the award was or was not valid as a matter of law in this state. *Andrews*, supra at 77 (3), simply holds that an obligation to purchase an annuity is an award of periodic alimony, rather than a division of property. Thus, the only issue resolved in *Andrews* related to the proper denomination of the award. *Andrews* did not deal with the underlying validity of the award itself.

Moreover, even if a trial court may require maintenance of a life insurance policy (but see *Gardner v. Gardner*, 264 Ga. 138 (441 SE2d 666) (1994)), it does not necessarily follow that the trial court's award here is authorized. The issue in this case is whether a trial court can require a spouse obligated to pay periodic alimony to maintain a life insurance policy to perpetuate the payment of that alimony beyond the death of the spouse so obligated. The majority cites no case which authorizes the trial court to make such a requirement.

I agree with the majority that "the trial court's award in this case does not impose a duty on the husband's estate to pay periodic alimony." (Majority opinion, p. 638.) Furthermore, a spouse's future obligation to pay the premiums on a life insurance policy may constitute a valid award of periodic alimony. *Sapp v. Sapp*, 259 Ga. 238, 240 (4) (378 SE2d 674) (1989). However, these observations are not relevant to the different issue of whether a trial court can order that the proceeds from the policy be used to pay "periodic alimony" to one spouse after the other spouse's death. The prevailing view is that, while a trial court may impose an obligation to obtain life insurance as security for the payment of lump sum alimony or for the payment of periodic alimony accruing up until the death of a former spouse, a trial court may not require the maintenance of such a policy where the effect is to require the payment of periodic alimony beyond the

death of the former spouse. *Hardin v. Hardin*, 365 SE2d 34, 36 (S.C. App. 1987); *McClung v. McClung*, 465 S2d 637, 638 (Fla. App. 1985); Annot., 59 ALR3d 9, § 5 (1974 & Supp. 1997). The rationale for this prevailing view is that liability for alimony ceases upon the death of the supporting spouse. *Hardin v. Hardin*, supra. This rationale is, of course, consistent with Georgia law. *Winstead v. Winstead*, 265 Ga. 690 (461 SE2d 538) (1995).

The trial court's order leaves no room for doubt as to its purpose in requiring Mr. Hawkins to maintain a life insurance policy:

Husband shall maintain said policy of insurance for Wife's benefit in decreasing amounts to provide Wife with *the total benefit she would receive in alimony until she receives her retirement benefit.* . . . In the event of the death of Husband, the Wife, upon receipt of the benefit provided by the insurance company, shall retain such sum as would equal *the remaining alimony to which she is entitled* and shall pay any excess to the estate of the Husband.

(Emphasis supplied.) This provision is tantamount to an award of periodic alimony from and after Mr. Hawkins' death should he die within the five-year period preceding Ms. Hawkins' receipt of retirement benefits. See *Blass v. Blass*, 316 S2d 308, 309 (Fla. App. 1975); *Wilbur v. Wilbur*, 299 S2d 99, 100 (Fla. App. 1974). Therefore, the life insurance provision was invalid, and I respectfully dissent to the majority's affirmance of the trial court's judgment.

DECIDED OCTOBER 14, 1997 —
RECONSIDERATION DENIED NOVEMBER 14, 1997.

*Margot S. Roberts,* for appellant.
*McGinn & Daniel, R. Delores Daniel,* for appellee.