## S04F0842. HIPPS v. HIPPS.

(597 SE2d 359)

CARLEY, Justice.

Thomas (Husband) and Miriam (Wife) Hipps were married in 1986, and divorced in 2003. In 1972, some 14 years before the marriage, Husband retired from the Air Force. At the time of the divorce, he was receiving military retirement benefits. The final decree provided that Husband would pay Wife $1,000 per month in permanent alimony "as long as she does not remarry or until she dies" and, "[i]n addition," she was awarded "the right to any survivor's benefits available as a result of [his] military service." The decree also included a provision for a "property settlement" of $19,000 payable to Wife, and attorney's fees for her lawyer. Husband applied for discretionary appeal, urging that the trial court was not authorized to award Wife the survivor's benefit. Because we concluded that the application was not frivolous, it was granted pursuant to our pilot project in domestic relations cases.

1. Husband contends that his retirement account is not subject to an equitable property division because it is his separate property. Equitable property division is distinctly different from alimony. *Wagan v. Wagan*, 263 Ga. 376, 377 (434 SE2d 475) (1993). Alimony is "an allowance out of one party's estate, made for the support of the other party when living separately. It is either temporary or permanent." OCGA § 19-6-1 (a). Equitable division of property, on the other hand, is " 'an allocation of assets acquired during the marriage to the parties, based on their respective equitable interests in those assets. (Cits.)' [Cit.]" *Wagan v. Wagan*, supra. Only marital property is subject to equitable division. *Payson v. Payson*, 274 Ga. 231, 232 (1) (552 SE2d 839) (2001). Marital property is that which is acquired as a direct result of the labor and investments of the parties during the marriage. *McArthur v. McArthur*, 256 Ga. 762, 763 (353 SE2d 486) (1987). Thus, retirement benefits, "insofar as they are acquired during the marriage, . . . are marital property subject to equitable division." *Courtney v. Courtney*, 256 Ga. 97, 99 (2) (344 SE2d 421) (1986). See also *Andrews v. Whitaker*, 265 Ga. 76, 77 (4) (453 SE2d 735) (1995); *King v. King*, 225 Ga. App. 298, 300 (483 SE2d 379) (1997).

Here, all of Husband's contributions to his military retirement account pre-date the marriage. Thus, the funds in that account remain an element of his separate property, and are not subject to being equitably divided. However, the trial court did not make an in rem inter vivos division of either the proceeds in the account or the monthly amount currently payable to Husband. Compare *Andrews v. Whitaker*, supra at 77 (4); *Courtney v. Courtney*, supra at 98 (2); *White*

*v. White*, 253 Ga. 267, 269 (319 SE2d 447) (1984). Instead, it awarded Wife monthly alimony of $1,000 and, in addition, a survivor's benefit, which takes the form of an annuity and is contingent upon her outliving Husband. See *King v. King*, supra.

> The survivor benefit plan is designed to provide financial security to a designated beneficiary of a military member, payable only upon the member's death in the form of an annuity. Upon the death of the member, all pension rights are extinguished, and the only means of support available to survivors is in the form of the survivor benefit plan.

*Smith v. Smith*, 438 SE2d 582, 584 (II) (W.Va. 1993). Thus, "a court order requiring a party to designate a former spouse as a plan beneficiary does not constitute a transfer of property." *Matthews v. Matthews*, 647 A2d 812, 817 (IV) (Md. 1994). "[T]he survivor benefit plan 'provides benefits to . . . (the spouse) upon . . . (the military member's) death and is essentially a life insurance policy unrelated to . . . (the military member's) pension.' [Cit.]" *Smith v. Smith*, supra at 585 (II).

We have recognized that the requirement that one divorcing spouse supply an annuity to provide for the support of the other can represent an award of alimony. *Ragland v. Ragland*, 266 Ga. 643 (469 SE2d 658) (1996); *Andrews v. Whitaker*, supra. See also *Hawkins v. Hawkins*, 268 Ga. 637 (491 SE2d 806) (1997). Where the total amount receivable by an ex-spouse "is contingent upon the length of the parties' lives and, thus, cannot be determined at present, the obligation is for periodic . . . alimony. [Cits.]" *Metzler v. Metzler*, 267 Ga. 892, 893 (2) (485 SE2d 459) (1997). It appears that, under the terms of the final decree in this case, the trial court awarded the survivor's benefits to Wife as periodic alimony "[i]n addition" to the $1,000 per month, and treated the issue of equitable division of the marital property separately in the $19,000 award to her. "[A]limony may be awarded either from the [H]usband's earnings or from the corpus of his estate, as by granting to the [W]ife the title or use of property in the possession of the [H]usband. [Cits.]" *Jones v. Jones*, 220 Ga. 753, 755 (3) (a) (141 SE2d 457) (1965). See also OCGA § 19-6-5 (a) (permanent alimony may be granted "to either party, either from the corpus of the estate or otherwise"). Therefore,

> "the trial court did not award the survivor annuity plan to [Wife], but, instead, ordered [Husband] to *maintain* that plan for her benefit as part of his spousal support obligation." [Cit.] Indeed, under the [survivor benefit plan], should the beneficiary predecease the participating member, the member

retains the right and interest in the benefit to designate a different beneficiary. (Emphasis in original.)

*Matthews v. Matthews*, supra at 817-818 (IV). Thus, "[w]e need not be concerned . . . with [Husband's] arguments concerning equitable division of property." *Ragland v. Ragland*, supra at 643.

2. Citing *King v. King*, supra, Husband further urges that the award deprives him of his right under federal law to elect who shall be the beneficiary of his military retirement account. However, *King* does not hold that he has an absolute right to make that election. Indeed, it expressly recognizes that the currently applicable federal law authorizes a trial court to order a participant in the military's Survivor Benefit Plan to elect coverage for a former spouse. See *King v. King*, supra at 300; 10 USC § 1450 (f) (4).

A military member formerly had complete control over the individual to be designated as the beneficiary of the survivor benefit plan. However, pursuant to a 1985 amendment to 10 U.S.C. § 1450 (f) (4), courts were authorized to order a military member to provide the annuity to a former spouse regardless of the intentions of the military member.

*Smith v. Smith*, supra at 584 (II). The deficiency identified in the *King* case was that, although the divorce decree awarded the survivor's benefits to the ex-wife, neither she nor the ex-husband thereafter complied with the administrative requirements to effectuate her election as the beneficiary. Under those circumstances, the federal law which deemed the retiree's surviving spouse to be the beneficiary controlled over the state divorce decree awarding the benefits to the former wife. That deficiency does not apply here. The trial court was authorized to require Husband to name Wife as the beneficiary and, if he fails to do so, she is entitled to take the necessary steps to ensure his compliance. See *King v. King*, supra at 300; 10 USC § 1450 (f) (3).

*King v. King*, supra at 301, is applicable here only insofar as it recognizes that, "[a]s a general rule, state law rather than federal law controls in the area of domestic relations." Under the domestic relations law of this state, "[a]ll obligations for permanent alimony, however created, the time for performance of which has not arrived, shall terminate upon remarriage of the party to whom the obligations are owed unless otherwise provided." OCGA § 19-6-5 (b). Here, the trial court did not provide that the award of survivor's benefits to Wife as alimony would continue after her remarriage. Therefore, in order to receive those benefits, she not only must survive Husband, but she must also remain unmarried. *Burns v. Rivers*, 244 Ga. 631, 632 (261 SE2d 581) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 2004.

*Clarke, Moore & Hall, Matthew R. Hall,* for appellant.
*Thomas M. Rego,* for appellee.