S07F0834. PLACHY v. PLACHY.

(652 SE2d 555)

BENHAM, Justice.

The 24-year marriage of appellant Douglas Plachy (Husband) and appellee Beverly Plachy (Wife) concluded with the entry of a final judgment and decree of divorce on July 16, 2006. The judgment incorporated the terms of the parties' settlement agreement which provided, among other things, for the equitable division of Husband's retirement benefits under the Civil Service Retirement System (CSRS) earned during the marriage as a result of Husband's employment with the United States Army Corps of Engineers. On October 18, 2006, the trial court entered a court order acceptable for processing by the Office of Personnel Management (OPM), which oversees and administers Husband's retirement pension (see 5 CFR § 838.101), and denied Husband's motion that the terms of the court order acceptable for processing (COAP)[1] did not accurately reflect the terms of the mediated settlement incorporated into the final judgment and decree of divorce. We granted Husband's petition for discretionary appeal to review the trial court's decision.

In the incorporated settlement agreement, the parties agreed to divide Husband's CSRS retirement benefits as equitable division of property, with Wife receiving 50 percent of Husband's gross annuity benefits under the CSRS earned as of the date of the agreement, less the amount deducted for the cost of survivor annuity benefits. Wife was also assigned 50 percent of the maximum possible survivor annuity. The COAP assigned to Wife an amount equal to 50 percent of Husband's gross annuity as of the date of the settlement agreement, reduced by the amount necessary to provide Wife with survivor annuity benefits, and a "former spouse survivor annuity" equal to 50 percent of the maximum survivor annuity. The COAP provided that payments were to continue to Wife for Husband's lifetime and to Wife's estate should she pre-decease Husband.[2]

Husband maintains the trial court committed reversible error by entering the COAP because the COAP's provision for payment of benefits to Wife's estate should she pre-decease Husband was not a

---

[1] A court order acceptable for processing (COAP) is required by federal regulations in order for OPM to distribute, as provided for in a state court decree of divorce, a marital share of a party's CSRS pension to a person other than the federal employee. 5 USC § 8345 (j) (1); 5 CFR §§ 838.101, 838.303–838.306.

[2] OPM will honor a COAP that directs OPM to pay, after the death of the recipient spouse, that spouse's share of the retirement benefits to the estate of the deceased recipient spouse. 5 CFR § 838.237 (b) (3). *Couvillion v. OPM*, 129 Fed. Appx. 613 (C.A. Fed. 2005). See also *Miller v. Miller*, 2007 WL 2592465 (Va. App. 2007) (unreported decision). If there is no express provision giving direction regarding post-mortem payments, the recipient spouse's share of the benefits reverts to the federal employee spouse. 5 CFR § 838.237 (a).

part of the incorporated settlement agreement. While the settlement agreement did not expressly state that the benefits were to survive the death of Wife, because the retirement benefits acquired during the marriage were marital property (*Hipps v. Hipps*, 278 Ga. 49 (1) (597 SE2d 359) (2004)), and Wife received a share of the retirement benefits as equitable distribution of marital property, which had the effect of awarding title to the property (*Hollis v. Hollis*, 278 Ga. 303, 304, n. 4 (602 SE2d 644) (2004)), Wife owned her share of the retirement benefits. The inclusion in the COAP of the express statement required by federal law to give effect to Georgia law was not the addition of a new substantive provision. That the equitably divided retirement benefits are to be distributed to Wife by means of monthly installments does not make the payments alimony payments that are terminated at the death of the recipient former spouse. See *Andrews v. Whitaker*, 265 Ga. 76 (4) (453 SE2d 735) (1995) (equitable division of retirement benefits is not periodic alimony). See also *Hipps v. Hipps*, supra, 278 Ga. 49 ("Equitable property division is distinctly different from alimony."); *Winokur v. Winokur*, 258 Ga. 88 (365 SE2d 94) (1988) (obligation to pay periodic alimony generally terminates at the death of either party).[3]

The trial court did not err when it entered the COAP and denied Husband's motion to enforce the settlement agreement incorporated into the final judgment and decree of divorce.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 2007.

*Bouhan, Williams & Levy, Carlton E. Joyce, Anne A. Westbrook*, for appellant.

*Howard & Whatley, Molly M. Howard, Jenni F. Swan*, for appellee.

---

[3] *Stare v. Stare*, 2004 WL 2004152 (Ohio App. 2004) (unreported decision), relied upon by Husband, is distinguishable in that it involved Ohio law, the appellate court disagreed with the trial court's application of the law, and the appellate court believed an evidentiary hearing was necessary under the circumstances of that case.