In the Supreme Court of Georgia

Decided:    June 6, 2016

S16A0263.  COURSEY v. COURSEY.

BENHAM, Justice.

On April 24, 2015, the trial court issued an order finding appellant Husband in willful contempt of the parties' final order of divorce which was issued on July 24, 2009 after a jury trial.  Based on the jury's verdict regarding the division of property, the divorce decree required Husband to pay appellee Wife one-third (1/3) of the gross of his pension funds[1] until Wife remarried, though a portion of the pension funds payable to Wife was to be withheld for the payment of taxes.  The jury declined to award alimony to Wife.   Neither party appealed the jury's verdict or the final decree of divorce.  In 2013, Wife moved for contempt when appellant failed to pay her the proportionate increase in the pension funds.  Shortly after Wife filed her motion for contempt,

---

[1] Husband was a former firefighter who received monthly pension checks from Fulton County and the State of Georgia's firefighters' fund.

Husband filed a motion for "termination of alimony" because he alleged Wife was remarried and because he alleged he made overpayments of the pension funds to Wife. After conducting an evidentiary hearing,[2] the trial court found Husband in willful contempt of the divorce decree, concluded Husband owed Wife $8,490.25 in unpaid pension payments, and ordered Husband to repay the amount owed in monthly installments. In addition, the trial court awarded Wife attorney fees which Husband was also required to pay in monthly installments. In this final order on the contempt action, the trial court incorporated a previous order in which it had reiterated the language in the final divorce decree that the pension fund payments to Wife were marital property. We granted Husband's application for discretionary review to determine whether the trial court's final ruling was in error. On appeal, Husband maintains that the payments at issue are not marital property, but, rather, constitute periodic alimony; and, because the jury expressly denied alimony to Wife, Husband contends he does not owe Wife and cannot be held

---

[2] Prior to the evidentiary hearing, the trial court also held a bench conference regarding some of the same issues.

in contempt.[3] We now affirm the order of contempt for the reasons set forth below.

1. OCGA § 19-6-1 (a) defines alimony as "an allowance out of one party's estate, made for the support of the other party when living separately." Alimony can be either permanent or temporary. Periodic alimony is characterized by an indefinite number of payments and may also be contingent or indeterminable as to a total amount. See Dillard v. Dillard, 265 Ga. 478 (458 SE2d 102) (1995). Periodic alimony typically terminates on the death of the paying spouse, the death of the surviving spouse, or the remarriage of the receiving spouse. Stone v. Stone, 254 Ga. 519 (1) (330 SE2d 887) (1985).

This Court has defined marital property, on the other hand, as "assets acquired from the labor and investments of the parties during the marriage." Goldstein v. Goldstein, 262 Ga. 136 (1) (414 SE2d 474) (1992). Marital property is subject to equitable division. See Shaw v. Shaw, 290 Ga. 354 (3) (720 SE2d 614) (2012). "The law is well-settled that retirement benefits acquired during the marriage are marital property subject to equitable division." Rabek v. Kellum, 279 Ga. 709, 711 (620 SE2d 387) (2005). See

---

[3] It appears that Husband is no longer contending that Wife is remarried.

3

also Hipps v. Hipps, 278 Ga. 49 (1) (597 SE2d 359) (2004). More specifically, retirement benefits are essentially deferred compensation for work previously performed. See Andrews v. Whitaker, 265 Ga. 76 (4) (453 SE2d 735) (1995). If this work was performed during the marriage, then each spouse has a stake in the retirement benefits upon divorce.

At the time of the divorce in this case, Husband was retired and receiving his pension benefits in monthly installments. In Andrews v. Whitaker, we upheld the requirement that the husband pay the wife half of his retirement pay, which he began receiving just before trial, concluding the fact that the deferred payments had become vested and payable did not transform the obligation into periodic alimony. Id. at 77. See also Plachy v. Plachy, 282 Ga. 614, 615 (652 SE2d 555) (2007) ("That the equitably divided retirement benefits are to be distributed to Wife by means of monthly installments does not make the payments alimony payments that are terminated at the death of the recipient former spouse.") Therefore, the pension benefits at issue here are likewise not transformed into periodic alimony just because they are paid out to Wife on a monthly basis. Accordingly, the trial court did not err when it determined the pension payments to Wife constituted marital property and it did not err in holding Husband in contempt.

4

2. As to the limitation that the pension benefit payments end upon Wife's remarriage, we agree with Wife that this limitation was an error made by the jury and reinforced by its incorporation into the divorce decree as remarriage of the receiving spouse does not typically terminate an obligation that is the result of the equitable division of marital property. See <u>Stone v. Stone</u>, 254 Ga. at 520 ("Remarriage by the receiving spouse does *not* terminate the obligation of the paying spouse to continue payments intended as …'equitable division.'")[4] (Emphasis in original). However, since neither party sought appellate review of the divorce decree or sought modification of the divorce decree, the limitation stands in this contempt action. See, e.g., <u>Cason v. Cason</u>, 281 Ga. 296 (1) (637 SE2d 716) (2006) (a court may not modify a divorce decree in a contempt action); <u>Collins v. Billow</u>, 277 Ga. 604 (1) (592 SE2d 843) (2004) (same).

<u>Judgment Affirmed. All the Justices concur</u>.

---

[4] Citing to <u>Head v. Hook</u>, 248 Ga. 818 (285 SE2d 718) (1982).