**THIRD DIVISION
DOYLE, P. J.,
GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 27, 2023**

# In the Court of Appeals of Georgia

A23A0646. PHELPS v. PHELPS.

DOYLE, Presiding Judge.

In August 2021, Damon E. Phelps ("the Husband") filed a petition for declaratory judgment regarding the 2003 divorce decree entered in his divorce from Kathleen A. Phelps ("the Wife"). The trial court granted the petition and entered an "Amended Clarifying Order on Division of Military Retirement," from which the Wife sought discretionary review. This Court granted the Wife's application, and she now appeals the clarifying order, arguing that the trial court erred (1) by granting the petition because the divorce decree was not ambiguous; (2) by modifying the division of marital property award to provide a different percentage of the Husband's retirement pay than that listed in the decree; and (3) by ordering that the parties take

specific action, which was beyond the subject matter jurisdiction of the court. For the reasons that follow, we vacate and remand with direction.

In an appeal from a declaratory judgment, this Court "reviews the trial court's conclusions of law de novo[,]" but will affirm the trial court's findings of fact under the any evidence standard.[1]

The record shows that on November 14, 2003, nunc pro tunc to October 3, 2003, the parties were divorced with custody and child support being determined in Pennsylvania and the division of marital property being determined in Muscogee County, Georgia ("divorce court").[2] Pertinent to these proceedings, the 2003 Georgia divorce decree contained this provision:

> [t]he [Wife] is awarded, as an equitable division of property, 25 [percent] of the [Husband's] military retirement income. The parties were married for [12] years, during which time the [Husband] performed at least [12] years of credible military service.[3] This court has competent

---

[1] *Brown v. Brown*, 359 Ga. App. 511, 517 (857 SE2d 505) (2021), quoting *Strange v. Towns*, 330 Ga. App. 876, 876 (769 SE2d 604) (2015).

[2] The divorce court did not adopt the Pennsylvania award of alimony to the Wife.

[3] In a filing in the trial court, the Husband stated that he had 14 years of service at the time of the divorce and would have 33 years of service at the time of his upcoming retirement.

jurisdiction to govern these parties with regards to the division of the [Husband's] military retirement[,] and this action and the [Husband's] rights under the Soldiers and Sailors Civil Relief Act were observed.

The 2003 Decree was "prepared and presented" by the Husband's attorney and was "[a]pproved as to form and content" by the Wife's attorney. A transcript of the 2003 hearing that preceded entry of the decree is not in the appellate record, and the Husband did not appeal from the 2003 Decree alleging any legal error in the judgment.

In his 2021 petition for declaratory judgment, the Husband asked the trial court to clarify this provision, contending that the divorce court intended that the Wife receive 25 percent of the retirement he would have received at the time of the divorce, not 25 percent of his final retirement amount including years of service accumulated post-divorce. The Wife responded to the petition, arguing that the Husband's interpretation of the provision was incorrect (i.e., that instead, she should receive 25 percent of his final retirement amount) and that the military law upon which the Husband relied for his position explicitly applied only to divorce proceedings finalized after 2016. Following the submission of briefs by the parties and a zoom hearing that does not appear in our record, the trial court entered an initial order finding that the portion of the 2003 Decree addressing the military pension was

3

"ambiguous and . . . subject to a clarifying order." The trial court also found that the divorce court "did not have authority to award the [Wife] a percentage of any portion of the [Husband's] future military retirement that would accumulate post judgment," and the trial court then awarded the Wife 42 percent of the Husband's military retirement based on the amount of retirement due at his rank and months of service at the time of the divorce.

A trial court entered a final order on September 8, 2022. In the final order, in addition to again finding that the 2003 Decree language at issue was ambiguous and subject to a clarifying order, the trial court also found that "[t]he [divorce c]ourt's intent was (and is) that the [Wife] be awarded a percentage of the [Husband's] disposable military retirement calculated as if the [Husband] retired on the date of the parties' divorce. . . ." The Wife now appeals those orders.

In several enumerations of error, the Wife argues that the trial court erred by granting the Husband's motion for declaratory judgment because the 2003 Decree was not ambiguous, and the new award constituted an improper modification of the 2003 Decree. We agree with the trial court that the provision is ambiguous, but because the trial court's ultimate award was based on an incorrect application of the

4

law within a declaratory judgment proceeding, we vacate the orders and remand for further proceedings.

"The State Declaratory Judgment Act gives superior courts the power to declare rights and other legal relations of any interested party in cases of actual controversy under OCGA § 9-4-2 (a) and in any civil case in which it appears to the court that the ends of justice require that the declaration should be made[.]"[4] Nevertheless,

> [t]he Declaratory Judgments Act does not authorize a petitioner to brush aside previous judgments of the same court[] and seek a determination of his rights as if they had never been adjudicated. [T]he only tenable exception to the rule that a declaratory judgment proceeding is not an appropriate method of questioning a final judgment or decree, valid on the face of the record, is in case[s in which] the judgment or decree has become the source of definite rights and is unclear or ambiguous.[5]

---

[4] (Citations and punctuation omitted.) *Walker v. Owens*, 298 Ga. 516, 518 (783 SE2d 114) (2016), quoting OCGA § 9-4-2 (a) & (b).

[5] (Citations and punctuation omitted.) *Royal v. Royal*, 246 Ga. 229, 230 (271 SE2d 144) (1980).

5

In this case, the 2003 Decree awarded the Wife "25 [percent] of the [Husband's] military retirement income."[6] The 2003 Decree then stated the years of marriage and the Husband's years of service during the divorce, which could be read as a limit on the portion of retirement from which the 25 percent is taken,[7] i.e., the Decree was awarding 25 percent of the Husband's entire military retirement amount or 25 percent of the amount he would have gotten if his retirement was calculated at the time of the divorce. What the Decree did not award to the Wife was 42 percent of the Husband's military retirement for the amount of retirement due at his rank and years of service at the time of the divorce, and it was error for the trial court to modify the 2003 Decree in that way.[8]

---

[6] See id. (holding that decree was ambiguous as to whether property was given to wife in fee simple or as a life estate). Compare with *Smith v. Smith*, 366 Ga. App. 418, 425-426 (883 SE2d 167) (2023) (vacating the amended divorce decree related to military retirement because it improperly modified the prior decree rather than construing or clarifying the plain language therein). See also OCGA § 13-2-2 (2) ("Words generally bear their usual and common signification[.]").

[7] See *Michel v. Michel*, 286 Ga. 892, 894-895 (1) (692 SE2d 381) (2010) (explaining that the ten-year marriage requirement is merely a limit on direct payments from the government to the ex-spouse rather than a limit on what a trial court may award an ex-spouse in divorce proceedings).

[8] See *Smith*, 366 Ga. App. at 425-426.

Moreover, the trial court erred when it determined that the divorce court "did not have authority to award the [Wife] a percentage of any portion of the [Husband's] future military retirement that would accumulate post judgment[.]" While it is true that in general a court may not award as an equitable distribution any retirement proceeds that accumulate post-divorce, this is a declaratory judgment proceeding.[9] Thus, the issue before the trial court was only to ascertain the meaning of the retirement provision in the 2003 Decree.[10] This determination should be based on the words in the Decree and the circumstances that existed at that time.[11]

---

[9] See *Smith*, 366 Ga. App. at 426 n.19 ("It is the function of the [trial] court to construe a divorce decree as written and not to make a new contract for the parties.") (punctuation and emphasis omitted), quoting *Greenwood v. Greenwood*, 289 Ga. 163, 164 (709 SE2d 803) (2011); *Envision Printing v. Evans*, 336 Ga. App. 635, 640 (3) (786 SE2d 250) (2016) (if an ambiguity persists after applying the rules of contract construction then a jury question remains as to the meaning of the language).

[10] See OCGA § 9-11-60 (f) (a trial court has no jurisdiction to change or modify a judgment outside the term of court in which the judgment was entered). "[A] judgment which is erroneous but not void may be attacked only by direct appeal or by motion to set aside judgment." *Collins v. Billow*, 277 Ga. 604, 605-606 (2) (592 SE2d 843) (2004) (punctuation and citation omitted). See also *Coursey v. Coursey*, 299 Ga. 203, 205 (2) (787 SE2d 199) (2016) (even though portion of divorce decree was legally erroneous, because the party did not appeal from entry of the decree and instead contested it via a contempt action, the decree could not be changed).

[11] The trial court also erred by considering military retirement law codified after the divorce, and it should have applied the governing military retirement law at the time the 2003 Decree was entered. See 10 USC § 1408 (a) (4) (2017). See P. L.

On remand, the trial court should apply the usual rules of contract construction to determine what the retirement provision meant.[12] Because the provision is ambiguous, the trial court should look beyond the paragraph "to determine if the ambiguity was clarified when viewed in the context of the entire [Decree] and if not, should [consider] parol evidence to determine the meaning" of the provision and ultimately allow for a jury determination if the ambiguity remains thereafter.[13] This determination is not an assessment of the divorce court's authority to award any certain amount in 2003, but rather, to determine exactly what the divorce court

114-328, Div A, Title VI, Subtitle D, Part II, § 641(b), 130 Stat. 2164 (2016), ("The amendments made by subsection (a) [amending subsec. (a) (4) of this section] shall apply with respect to any division of property as part of a final decree of divorce, dissolution, annulment, or legal separation involving a member of the Armed Forces to which section 1408 of title 10, United States Code, applies that becomes final after the date of the enactment of this Act."). The law at the time explained that no award to an ex-spouse in a divorce decree could exceed 50 percent of the service person's disposable retirement, which this award did not (under either interpretation). See 10 USC § 1408 (e) (1) (2003).

[12] See, e.g., *Smith*, 366 Ga. App. at 426 n.19; *Evans*, 336 Ga. App. at 640 (3). See also *Rieffel v. Rieffel*, 281 Ga. 891, 894 (3) (644 SE2d 140) (2007) ("In the absence of fraud or mistake, a party cannot complain of a judgment, order[,] or ruling that his own conduct produced or aided in causing."). See also OCGA § 13-2-2 (5). *Hertz Equip. Rental Corp. v. Evans*, 260 Ga. 532, 533 (397 SE2d 692) (1990).

[13] *Christian v. Christian*, 300 Ga. 263, 266-267 (2) (794 SE2d 51) (2016). See also *Smith*, 366 Ga. App. at 426 n.19.

intended to award the Wife at the time the award was entered.[14] Accordingly, we vacate the trial court's orders in this matter and remand for further proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. Gobeil, J., and Senior Judge C. Andrew Fuller concur.*

---

[14] See, e.g., *Coursey*, 299 Ga. at 205 (2); *Collins*, 277 Ga. at 605-606 (2).